**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case Number: 14-MJ-06121-MPK |
| | ) |
| DANIEL THIBEAULT | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DANIEL THIBEAULT'S OPPOSITION TO UNITED STATES'**
**MOTION TO MODIFY CONDITIONS OF RELEASE**

The government's motion is unnecessary, vague, and overbroad. Therefore, it should be denied. The government has not shown that Defendant Thibeault has violated the Court's Order Setting the Conditions of Release (Dkt. No. 9) (the "Order") or that Defendant's legitimate contact with Fund investors or former employees should be prohibited.

**I.   BACKGROUND**

In its criminal complaint, the government alleges that Thibeault engaged in securities fraud relating to certain "Taft Loans" held by the GL Beyond Income Fund (GLBFX) (the "Fund"). The government filed its complaint and arrested Thibeault on December 11, 2014.

At Thibeault's initial appearance on December 12, 2014, the Court set a number of conditions for his release. As confirmed in the Order, Thibeault was required, in relevant part, to:

- Execute a $700,000 bond secured by the equity in his family's home;
- Surrender his passport to pre-trial services and refrain from obtaining a new one;
- Maintain his residence;
- Refrain from possessing a firearm or other dangerous weapon;

- Receive a psychiatric evaluation; and

- Restrict travel to Massachusetts, unless he receives prior permission from pre-trial services to travel elsewhere within the continental United States.

(*See* Order at 2).  In addition, during the initial appearance, the government orally requested, and Thibeault agreed, that Thibeault refrain from issuing any new loans through any corporate entity, and that he may have no contact with the listed borrowers of the Taft loans at issue in this proceeding.[1]

Thibeault has complied with these provisions, and the government has not alleged otherwise.

## II. THE REQUEST IS UNNECESSARY

Since his arrest, Thibeault has explored ways to preserve the value of the Fund as well as the Graduate Leverage entities.  He has contacted some Fund investors, including Fund trustees, to discuss the potential of settling claims they may have, and issuing make-whole payments.  In addition, some Fund investors have contacted him.  Thibeault, through counsel, has previously informed the government of Thibeault's desire to structure a settlement and restore the Fund's value.  Thibeault has also been in contact with certain former employees—many of whom initiated the contact— to ensure that the companies maintain the information necessary to run portions of the business unaffiliated with the conduct at issue.

The government, however, is now "*concerned*" that these efforts "*may have* the effect of lulling his victims or otherwise obstructing the government's continuing investigation."  (Mot. at 2) (emphasis added).  Yet the government provides no evidence, or even an example, of any

---

[1] The government incorrectly asserts that one condition of release is that Thibeault must "consult with his attorney before having any contact with potential witnesses in the case against him." (Mot. at 1-2).  The Order makes no such requirement.  (*See* Order at 2, §8(j)).

potentially obstructive conduct taken by Thibeault or how these efforts "may have the effect of lulling his victims" (or what that even means). The government should be required to make some concrete showing before imposing such a restrictive obligation on a defendant. *See* 18 U.S.C. § 3142(c) (if a judicial officer determines pre-trial conditions are necessary, the officer shall order "the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community"). Thibeault's contact with investors serves the important, and laudable, goal of attempting to maintain their investment—an effort the government should applaud, rather than halt.

In addition, Thibeault and the Graduate Leverage entities need continued access to certain former employees, at a minimum, to preserve institutional knowledge, maintain records, and to service customers. The Court should not limit this conduct, absent some showing that Thibeault has done something improper. Vague "concern" is not sufficient.

### III.   THE REQUEST IS VAGUE AND OVERBROAD

The government requests that the release conditions be modified "to preclude [the Defendant] from having contact with victims of the charged fraud scheme and potential witnesses in the case against him, including but not limited to former employees of his company." (Mot. at 3). This request is unreasonably vague, as it does not define "potential witnesses" other than former employees. It is impossible for the Defendant to know who the government intends to call in its case.

The DOJ's request is also overbroad by preventing Thibeault from contacting all Fund investors, especially the trustees, so that he may explore ways to pursue a settlement and maintain the shareholders' investment. It would also stop Thibeault from contacting his friends

and family members (beyond those listed as holding Taft loans, which Thibeault previously agreed he would not contact). In addition, the request would bar Thibeault from making even limited contact with former employees, including those who initiate contact, to ensure that the companies maintain the information necessary to run portions of the business unaffiliated with the conduct at issue.

## IV.   CONCLUSION

For the foregoing reasons, the United States' Motion to Modify Conditions of Release should be denied.

February 18, 2015                                               Respectfully Submitted,

/s/ Jonathan L. Kotlier
Jonathan L. Kotlier (BBO# 545491)
Nutter, McClennen & Fish LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:  (617) 439-2000
Fax:  (617) 310-9000
jkotlier@nutter.com

*Attorney for Defendant Daniel Thibeault*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, a true copy of the above document was served via electronic means using the Court's Electronic Case Filing (ECF) system upon all registered ECF users.

/s/ Jonathan L. Kotlier
Jonathan L. Kotlier (BBO# 545491)

2742838